[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike counts one, two and three of the plaintiff's complaint, which alleges a breach of contract, a claim in equity for promissory estoppel and a claim in tort for infliction of emotional distress. Defendant claims that the contract was illegal, that equity should not promote remedies that are against public policy and that his conduct was not extreme and outrageous.
 I.
Count one alleges that after the defendant raped the plaintiff in 1997, he began to make payments of $500 and $800 per week as a means of assuring the plaintiff's silence. This count also alleges that in May or June of 1994, the defendant increased the payments to $10,000 per month with the understanding that the plaintiff would provide bizarre sexual services as additional consideration and that this contract for sex and silence continued until December of 1998 when the defendant abruptly stopped making these payments. Plaintiff claims that this act of ceasing the payments constituted a breach of contract.
It is fundamental that no cause of action can arise our of an illegal or immoral inducement. Gagne v. Vaccaro, 255 Conn. 390, 407, 766 A.2d 416
(2001). "As a general rule, a court will [not] end its assistance in any way toward carrying out the terms of a contract, the inherent purpose of which is to violate the law. . . ." (Emphasis in original; internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 807,712 A.2d 396 (1998). The plaintiff's complaint states that the money was received in exchange for keeping silent about an alleged crime committed by the defendant and also in exchange for fantasy role-playing sexual encounters. This arrangement raises serious questions of violation of extortion and prostitution statutes, General Statutes §§ 53a-119,53a-122 (a) (1) and (c), and 53a-82 (a) and (b). Since this court may not confirm validity on a contract that is based upon illegal activity, the motion to strike Count One of the complaint is granted. CT Page 137
 II.
Count Two incorporates the facts alleged in Count One and alleges that the defendant intentionally induced the plaintiff to rely upon him to her detriment. This court cannot permit itself to he made the instrument of enforcing obligations arising out of an agreement that is against public policy, either in law or in equity. Gagne v. Vaccaro, supra,255 Conn. 407-408. Our legislature has indicated that both extortion and prostitution are practices that this court cannot confer a veil of legitimacy on the transactions described in the complaint by allowing an action in equity to enforce an obligation that arises under such illegal practices. The motion to strike Count Two of the plaintiff's complaint is granted.
 III.
Based on the facts recited in Counts One and Two, Count Three alleges a claim in tort for the intentional infliction of emotional distress directly resulting from the defendant's actions. In order to establish a valid cause of action for the intentional infliction of emotional distress the following four elements must be shown: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205,210, 757 A.2d 1059 (2000). The defendant claims that the plaintiff has not met the second prong of this test, i.e. that the defendant's conduct was extreme and outrageous with regard to any instance of the defendant's conduct.
In Appleton v. Board of Education, supra, our Supreme Court stated "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" Id., 254 Conn. 205, 210-11 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citation omitted.) Id., 210. CT Page 138
Applying this standard to the defendant's behavior, as alleged by the plaintiff, the court finds that it is only the alleged rape which rises to the level of extreme and outrageous; but that incident occurred over 25 years ago and would normally be barred by the statute of limitations under General Statutes § 52-584. However, this court cannot raise the statute of limitations sua sponte on a motion to strike. See Williams v.Commission on Human Rights Opportunities, 257 Conn. 258, 289,777 A.2d 645 (2001).
The allegation in paragraph 4 states that, in 1977, the defendant raped the homeless plaintiff and told her that she was "a nobody" whom no one would believe and who would wind up dead in Mt. St. Benedict cemetery were she to tell anyone about it. (Complaint ¶ 4.) The act of rape against any person by another is the kind of assertion of power over another human being by another that is completely antithetical to civilized society, especially where as in this case, there is such a disparity in power between an allegedly homeless victim and a very wealthy perpetrator. The act of rape clearly deserves a reaction of strong, pronounced outrage.
Since the alleged conduct in paragraph 4 is clearly outrageous, the motion to strike Count Three with respect to the rape allegation is denied.
The remaining allegations in Count Three assert that the defendant had an arrangement to pay the plaintiff for sex and for her silence, that in December of 1998 the defendant ceased making these payments and that, by ceasing to make these payments, the defendant has caused the plaintiff severe emotional distress. Taken as a whole, these allegations, featuring defendant's refusal to continue payments under an immoral and illicit arrangement would not rise to the level of extreme and outrageous conduct because they would not outrage the average member of the community.
The motion to strike Count Three with respect to all allegations other than those made in paragraph 4 is granted.
 ___________________ Wagner, J. Judge Trial Referee
CT Page 139